UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2022

SEAN F. McAVOY, CLERK

| | |
|---|---|
| LAINEY O.,[1] | No. 2:20-CV-00422-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ECF No. 17, 20 |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 20. Attorney Christopher H. Dellert represents Lainey O. (Plaintiff); Special Assistant United States Attorney Shata Ling Stucky represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On April 25, 2018, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income alleging disability since April 1, 2018, due to fibromyalgia, irritable bowel syndrome, abdominal pain, gastritis, low back pain, left shoulder impingement, polycystic ovarian syndrome, bilateral myopia,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

anxiety, and depression.  Tr. 248, 253, 273.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Marie Palachuk held a hearing on November 13, 2019, Tr. 35-56, and issued an unfavorable decision on November 27, 2019, Tr. 15-29.  The Appeals Council denied Plaintiff's request for review on September 8, 2020.  Tr. 1-6.  The ALJ's November 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 17, 2020.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on December 7, 1995, and was 22 years old on the disability onset date, April 1, 2018.  Tr. 248, 253.  She completed school through the 12th grade.  Tr. 274.  Plaintiff's disability report indicates she stopped working on April 1, 2018, because of her conditions.  Tr. 273.  Plaintiff testified at the administrative hearing that chronic back pain, chronic nausea, and chronic migraines prevented her from working.  Tr. 42.  She stated she constantly had back pain which was exacerbated by moving or walking.  Tr. 42.  She indicated at one stretch she could stand 10 to 15 minutes, walk about ten minutes, and sit for 30 to 45 minutes but would need to shift positions.  Tr. 42.  She had difficulty with bending, squatting, and taking stairs.  Tr. 42-43.  Plaintiff testified she also had pain in her shoulders and could only lift her arms to chest-level.  Tr. 44.  She had difficulty dressing and cooking and could lift only about a gallon of milk with one arm.  Tr. 44-45.  She stated she also had constant headaches and would lie down in a dark, quiet room and avoid movement when she experienced a particularly bad headache.  Tr. 45-46.  She indicated she was constantly nauseous as well.  Tr. 48.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful

activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

### ADMINISTRATIVE DECISION

On November 27, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2018, the alleged disability onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: morbid obesity (BMI>39), fibromyalgia, headaches, and low back and shoulder pain. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she could frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, but only occasionally climb ladders, ropes, or scaffolds; her overheard reaching with the left, non-dominant upper extremity was limited to frequent; and she must avoid concentrated exposure to vibrations and hazards (such as unprotected heights and moving machinery). Tr. 23.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a customer service clerk and housekeeping cleaner. Tr. 26-27.

Alternatively, at step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to
///

other work that exists in significant numbers in the national economy, including the job of housekeeping, cleaner.  Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 1, 2018, the alleged onset date, through the date of the ALJ's decision, November 27, 2019.  Tr. 28-29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred: (1) in failing to properly evaluate Plaintiff's morbid obesity pursuant to SSR 19-2p; (2) in her weighing of Plaintiff's subjective complaints; and (3) by failing to consider all of Plaintiff's impairments, severe and non-severe, in assessing Plaintiff's RFC.  ECF No. 17 at 2.

## DISCUSSION

### A.    Obesity

Plaintiff first contends the ALJ erred by failing to properly evaluate the impact of her obesity on her ability to function.  ECF No. 17 at 3-6.  Defendant responds substantial evidence supports the ALJ's assessment of Plaintiff's obesity.  ECF No. 20 at 4-6.

According to the social security rules, obesity will be deemed a "severe" impairment "[i]f the person's obesity, alone or in combination with another impairment(s), significantly limits his or her physical or mental ability to do basic work activities."  SSR 19-2p.  Although obesity is not a separately listed impairment, the functional limitations caused by obesity, alone or in combination with another impairment, may medically equal a listing.  *Id.*  "Obesity in combination with another impairment(s) may or may not increase the severity or functional limitations of the other impairment."  SSR 19-2p.  However, the ALJ will not make general assumptions about the severity or functional effects of

obesity combined with another impairment; rather, the ALJ will "evaluate each case based on the information in the case record." *Id.*

Here, the ALJ found obesity to be a severe impairment at step two of the sequential process. Tr. 18. The ALJ then held there was no evidence that Plaintiff's obesity combined with her other impairments to medically equal a listed impairment. Tr. 23.

With respect to her obesity argument, Plaintiff merely cites her own hearing testimony describing postural limitations, fatigue and inability to work. ECF No. 17 at 5-6. However, there is no record evidence indicating Plaintiff's fatigue or other alleged difficulties were caused or exacerbated by obesity. Moreover, the ALJ adequately considered the impact of Plaintiff's obesity in her RFC determination[2] by limiting Plaintiff to light exertion level work and specifically finding Plaintiff's obesity "would contribute to the postural and environmental limitations assessed." Tr. 26.

The Court thus finds the ALJ did not err with respect to her assessment of Plaintiff's obesity in this case. *See Burch*, 400 F.3d at 684 ("[Plaintiff] has not set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider.").

**B.    Plaintiff's Subjective Complaints**

Plaintiff next challenges the ALJ's rejection of Plaintiff's subjective allegations. ECF No. 17 at 6-11. Defendant responds that substantial evidence supports the ALJ's assessment of Plaintiff's subjective complaints. ECF No. 20 at 6-13.

---

[2]In evaluating a claimant's obesity, the ALJ's RFC assessment must "consider all work-related physical and mental limitations, whether due to a person's obesity, other impairment(s), or combination of impairments." SSR 19-2p.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's assertion of total disability under the Social Security Act was not supported by the weight of the evidence. Tr. 24.

The ALJ first determined Plaintiff's allegations of disabling impairments and limitations were not consistent with the objective medical evidence of record. Tr. 24. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ noted Plaintiff had complained of having daily headaches for 10 years, Tr. 603, and a headache log indicated almost daily headaches from June 19 to November 3, 2019, Tr. 352-353; however, the record reflects Plaintiff denied headaches to providers from May 11, 2017, to November 2018, Tr. 24, 415, 446, 450, 463, 468, 585, Plaintiff denied headaches as recently as April 2, 2019, Tr. 595, and other medical reports did not discuss headaches at all, *see e.g.* Tr. 617-618, 620-621. Tr. 24. Although Plaintiff complained of constant headaches in an October 2019 medical report, Tr. 654, 657, the ALJ noted Plaintiff showed no signs of headache that day. Tr. 24. Plaintiff also reported at that time

that going to a concert with really loud noise would trigger a severe worsening of her headaches, Tr. 654, but the ALJ questioned why someone claiming constant debilitating headaches would go to a concert with loud music, Tr. 24.

The ALJ also mentioned that contrary to Plaintiff's testimony of having to sit in a quiet and dark room for hours because of her headaches, Tr. 45-46, the October 2019 medical report indicated no reported sensitivity to light or sounds, Tr. 654. Tr. 24.

The ALJ additionally indicated that while Plaintiff also complained of daily nausea, Tr. 48, 603, the record documents nausea only as a reaction to some foods or from medications, Tr. 396, 413, 598. Tr. 24.

Finally, the ALJ noted Plaintiff had been examined/evaluated by specialists who found nothing wrong with her. Tr. 24. The ALJ indicated Plaintiff was examined by a neurologist who, "did not think it was migraines," Tr. 654, and an orthopedic evaluator was "unable to find any acute abnormal testing upon exam," Tr. 655. Tr. 24-25.

Based on the foregoing, the Court finds substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints were inconsistent with the objective medical evidence of record.

The ALJ next mentioned Plaintiff's report that medication had helped with her pain. Tr. 24. Plaintiff's opening brief does not specifically contest this finding by the ALJ. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief). In any event, an ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439,
///

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling).

As indicated by the ALJ, Tr. 24, the record reflects the medication Venlafaxine helped Plaintiff's fibromyalgia pain, Tr. 396, but she stopped taking it in August 2018 due to severe mood swings, Tr. 550. She was then prescribed Lyrica, but again reported she stopped taking the medication due to mood swings. Tr. 532. The ALJ observed it was difficult to understand the reasons Plaintiff gave for stopping medication that helped with pain she alleged severely limited her ability to function. Tr. 24.

The evidence of record supports the ALJ's findings that Plaintiff's symptoms improved with the use of medication and her decision to stop taking the helpful medications detracted from her credibility.

The ALJ also found Plaintiff's "reasonably high-functioning activities of daily living" during the relevant time period did not support her allegation of total disability. Tr. 25

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is sufficient that a claimant's activities "contradict claims of a totally debilitating impairment." *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012). A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *Id*. at 1112-1113 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her

credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair*, 885 F.2d at 603)).

Here, the ALJ specifically identified Plaintiff's ability to care for her pet cat, prepare simple meals, sweep, mop, dust, do dishes, walk, drive a car, shop, handle her own finances, read, write, play video games, paint and draw, make jewelry/beading, play board games, watch movies, and occasionally go out to dinner, although she did describe taking longer to do these activities.  Tr. 25, 281-287.  The ALJ further mentioned Plaintiff had worked at a call center during the fourth quarter of 2018 with earnings very close to the substantial gainful activity level.  Tr. 25.

It appears reasonable for the ALJ to have concluded Plaintiff's activities were inconsistent with her allegations of totally disabling symptoms and thus detracted from her overall credibility.

The ALJ also indicated Plaintiff's presentation at the administrative hearing was contrary to her claims of disabling limitations.  Tr. 25.

The Ninth Circuit "sit and squirm" jurisprudence holds that a claimant's failure to exhibit signs of pain at a disability hearing is not substantial evidence for the ALJ to discredit that claimant's testimony.  *See Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984) ("The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible.").  Such "sit and squirm" observations are disfavored.  *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985).  However, the Ninth Circuit has routinely refused to remand an ALJ's decision for the inclusion of such comments where the ALJ provided other, valid reasons for rejecting the claimant's testimony.  *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (where the ALJ's decision "included an evaluation of [the claimant's] testimony, the stated opinions of both the examining and treating physicians,

objective medical evidence, and [commented on the claimant's] demeanor at the hearing," the "inclusion of the ALJ's personal observations does not render the decision improper"); *Orn v. Astrue*, 495 F.3d 625, 639-640 (9th Cir. 2007) (finding an ALJ's personal observations of a claimant may not form the "sole basis for discrediting" a claimant's subjective testimony, but an ALJ may properly consider her observations at the hearing as part of the subjective testimony analysis).

The ALJ observed that while Plaintiff stated she could sit for only 30-45 minutes, would need to shift positions constantly, and could only lift and carry one gallon of milk in each hand, Plaintiff entered the hearing carrying a large tote bag without any difficulty, sat comfortably without fidgeting throughout the entirety of the approximately 30-minute hearing, and thereafter arose from her chair, hoisted her large tote bag onto her shoulder, and left the room without any noted difficulty. Tr. 25.

Given the ALJ provided other valid reasons, supported by substantial evidence, for finding Plaintiff less than fully credible, as indicated above, the Court finds the ALJ did not reversibly err by also mentioning Plaintiff's presentation during the administrative hearing was inconsistent with her assertions of limitations.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

1

**C.   RFC Determination**

2

3        Plaintiff's final contention is that the ALJ erred at steps four and five of the

4   sequential evaluation process by failing to properly weigh Plaintiff's testimony and

5   analyze the impact of Plaintiff's obesity on her impairments and incorporate these

6   proper assessments into the ultimate RFC determination.  ECF No. 17 at 11-13.

7   Defendant asserts the ALJ's RFC determination is supported by substantial

8   evidence.  ECF No. 20 at 13.

9        As indicated above, Plaintiff has failed to demonstrate the ALJ has erred in

10  this case.  Therefore, the ALJ's RFC determination is sustained.  Since the ALJ's

11  decision is based on a properly supported RFC determination, the Court finds the

12  ALJ did not err at steps four or five of the sequential evaluation process.

**CONCLUSION**

13       Having reviewed the record and the ALJ's findings, the Court finds the

14  ALJ's decision is supported by substantial evidence and free of error.

15  Accordingly, **IT IS HEREBY ORDERED:**

16       1.     Defendant's Motion for Summary Judgment, **ECF No. 20**, is

17  **GRANTED**.

18       2.     Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

19       **IT IS SO ORDERED**.  The District Court Executive is directed to file this

20  Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall**

21  **be entered for DEFENDANT and the file shall be CLOSED**.

22       DATED October 4, 2022.

23

24                   _____

25                                ALEXANDER C. EKSTROM

26                          UNITED STATES MAGISTRATE JUDGE

27

28

ORDER GRANTING DEFENDANT'S MOTION . . . - 12